## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC GOLDEN, Inmate #B05324,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  07-266-GPM** |
| | ) | |
| **ADRIAN FEINERMAN, PAM GRUBMAN,** | ) | |
| **TYRONE MURRAY, ALAN UCHTMAN,** | ) | |
| **and SHERRY BENTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

Page 1 of  8

supporting exhibits, the Court finds that the sole claim in the complaint may not be dismissed at this point in the litigation.

## FACTUAL ALLEGATIONS

Plaintiff wears a prosthetic leg.  On February 1, 2005, during an institutional lockdown and cell search, Plaintiff, along with other inmates, was handcuffed with his hands behind his back and taken in a line to the prison dining hall.  En route, a guard shoved the inmate directly behind Plaintiff, causing that inmate to fall into Plaintiff, knocking him off balance.  In his attempt to right himself, Plaintiff lurched forward and his prosthetic leg locked, causing Plaintiff to "ride up over the locked leg," injuring his back.  Plaintiff states that since that incident, he continues to experience chronic, excruciating pain in his lower back, radiating down his left leg.  The pain is so severe that Plaintiff misses most of his meals because he cannot get out of bed, and he rarely attends yard time, which has resulted in him receiving little or no exercise and has caused him to gain weight.  The weight gain has affected the fit of his prosthesis, causing ulceration and bleeding of the stump.

Plaintiff states that he was seen by medical personnel six times between February 4 and March 22, 2005.  The swelling in his lower back was noted.  He states, however, that between February 10 and July 5, 2005, twelve scheduled appointments with Defendant Feinerman were cancelled.  When Plaintiff did see Defendant Feinerman about his back, he prescribed only Motrin, which does little to alleviate the pain.  Plaintiff filed a number of grievances complaining about his medical treatment; all were denied by Defendants Grubman, Murray, and Benton.  Defendant Uchtman concurred in the denial of each.

## LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of

prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent

error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only
> if the prison official named as defendant is deliberately indifferent to the prisoner's
> health – that is, only if he 'knows of and disregards an excessive risk to inmate
> health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding

there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate

indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*);

*Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury

instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that

ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.

1996).

Chronic pain can constitute a serious medical need.  The Seventh Circuit considers the

following to be indications of a serious medical need:  (1) where failure to treat the condition could

"result in further significant injury or the unnecessary and wanton infliction of pain;" (2)

"[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of

comment or treatment;" (3) "presence of a medical condition that significantly affects an

individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v.

Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

In the instant case, Plaintiff has sufficiently alleged a serious medical need; he states he

suffers from chronic, debilitating pain.  It is less clear whether Defendants acted with deliberate

indifference to that serious medical need.  Plaintiff states that medical staff saw him six times in the

two months following his fall.  However, Plaintiff states that Defendant Feinerman cancelled twelve

appointments between February and July 2005.  Plaintiff further states that when he was able to see Defendant Feinerman, he refused to prescribe any pain medication stronger than Motrin, which was ineffective in treating his pain.  Plaintiff indicates that his pain was so severe that he was unable to get out of bed much of the time.  As a result, he was unable to eat in the cafeteria or exercise during yard time.  Because Plaintiff alleges that his pain, even when treated with Motrin, was so severe that he was unable to get out of bed, and that the medication he received did not alleviate his pain, the Court finds that Plaintiff has sufficiently alleged deliberate indifference to his chronic pain by Defendant Feinerman.  Consequently Plaintiff may proceed on this claim.

### DEFENDANTS

A word about Defendants is in order, however.   Plaintiff also names as Defendants Healthcare Administrator Pam Grubman, Grievance Officer Tyrone Murray, Chief Administrative Officer Alan Uchtman, and Grievance Review Officer Sherry Benton, each of whom denied Plaintiff's grievances.  To be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  These Defendants were not personally responsible for cancelling Plaintiff's appointments or denying him stronger pain medication.  They were responsible only for denying his grievances.  Furthermore, these individuals are not responsible for any constitutional deprivations in a supervisory capacity[1] because they do

---

[1]

A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652.  This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted).  Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651.

not supervise Defendant Feinerman's medical decision-making.  Accordingly, Defendants Grubman, Murray, Uchtman, and Benton are **DISMISSED** from the action because Plaintiff has not stated claims against them.

### DISPOSITION

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant Feinerman.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant Feinerman in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal.

---

("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.").

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file any returned waivers of service, as well as any request for waiver of service that is returned as undelivered, as soon as they are received. If a waiver of service is not returned by Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint

and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 05/21/07


s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge